**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRIDGEWAY CHURCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CIV-14-234-D |
| | ) | |
| CHURCH MUTUAL INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Defendant's motion to dismiss Plaintiff's petition, now "Complaint" [Doc. No. 3].[1]  Defendant contends that Plaintiff has failed to state a claim for breach of the insurance contract and cannot state such a claim because Plaintiff agreed to allow Defendant's inspector, the Conley Group, Inc., to take core samples of the roof and then "failed to follow through on its promise."  Additionally, Defendant asserts that Plaintiff's Complaint should be dismissed because service of process on Defendant was not made within one hundred eighty (180) days after the petition was filed, as required by Okla. Stat. tit. 12, § 2004(I).

In response, Plaintiff contends that the Complaint states a claim for relief.  It states that even if it were true that Plaintiff disavowed a promise to allow core sampling, which plaintiff contests, Defendant's unsupported contention would not justify dismissal under Fed. R. Civ. P. 12(b)(6).  *See* Response [Doc. No. 4] at p. 3.  With respect to service of process, Plaintiff shows the Court that, prior to removal of this action, the state district court granted Plaintiff's application for leave to issue an Alias Summons for Defendant on February 5, 2014.  *See* Exhibit "B" to Plaintiff's Response.

---

[1]Defendant filed its Notice of Removal [Doc. No. 1] on March 10, 2014.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 570 (2007)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing a motion to dismiss, the Court accepts as true the plaintiff's well-pleaded facts and construes them in the light most favorable to the plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Where, as here, matters outside the pleadings are relied upon by the movant in support of a Rule 12(b)(6) motion, generally the Court must convert the motion to dismiss into a motion for summary judgment. *See* Fed R. Civ. P. 12(d); *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 706 F.3d 1231, 1234 n.1 (10th Cir. 2013). In this case, however, Defendant provides no evidentiary support for the matters outside the pleadings it wants the Court to consider, that is, that Plaintiff breached its agreement that core samples of its roof be taken. Therefore, the Court does not convert Defendant's motion to dismiss to a motion for summary judgment and disregards Defendant's unsubstantiated statement in assessing the Rule 12(b)(6) motion to dismiss.

Upon review of Plaintiff's Complaint, applying the foregoing standards, the Court finds that Plaintiff has stated a claim for relief that is plausible on its face. Plaintiff claims that Defendant breached its insurance contract with Plaintiff by failing to pay the full amount of damages or loss to Plaintiff's roof, which Plaintiff contends is $508,542. Defendant's Rule 12(b)(6) motion to dismiss is therefore denied.

Defendant's Rule 12(b)(5) motion to dismiss for insufficient (untimely) service of process is also denied. Plaintiff has shown the Court that it received leave to issue an alias summons for Defendant on February 5, 2014. *See* Okla.. Stat. 12, § 2004(H) and (I).

In accordance with the foregoing, Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. No. 3] is DENIED.

IT IS SO ORDERED this 8th day of April, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE