IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRIDGEWAY CHURCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-14-234-D |
| | ) | |
| CHURCH MUTUAL INSURANCE | ) | |
| COMPANY, a Wisconsin corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion for Order Compelling Discovery and Brief in Support [Doc. No. 116]. Plaintiff has responded [Doc. No. 119] and the matter is fully briefed. For the reasons sets forth, the Court finds the Motion should be denied.

Defendant moves pursuant to Rule 37 of the Federal Rules of Civil Procedure for an order compelling disclosure. *See* Fed. R. Civ. P. 37(a)(3)(A) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."). Pursuant to this Court's local rules, the Court "shall refuse" to hear a Rule 37 motion unless movant's counsel "first advises the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." LCvR 37.1. Defendant's counsel represents that he "has attempted, in good faith, to confer with Plaintiff's counsel in an attempt to resolve this discovery dispute" but that "Plaintiff's counsel refuses to respond . . . ." *See* Defendant's Motion at p. 4. However, Defendant's counsel fails to articulate what specific steps were taken to meet and confer, but instead provides only the most conclusory allegations. And in responding to the motion, Plaintiff's counsel makes no attempt to clarify the extent to which the parties have attempted to resolve this matter. This type of practice has become commonplace for each of the attorneys involved in this litigation. Thus, it is difficult

for the Court to meaningfully evaluate whether the parties have complied with the "meet and confer" obligations of LCvR 37.1.

The attorneys for both parties have conducted themselves in a manner that falls short of the level of professionalism to which this Court is accustomed. The Court has addressed multiple matters that should have been resolved by the parties without the need for Court intervention. Moreover, the parties have previously disregarded the Federal Rules of Civil Procedure and deadlines set forth in the Scheduling Order of this Court. The Court has expended significant judicial resources on unnecessary matters as a result. As the trial of this matter draws near, the parties and their counsel are cautioned that the Court will not tolerate continuing conduct of this nature.

Regarding the instant dispute, the record establishes that in its Rule 26 disclosures dated May 20, 2014, Plaintiff identified as a witness, Kelly Parker, P.E. and identified his proposed testimony as: "All facts and circumstances relating to his overall assessment of the full damages to the church roof, expert opinion on the extent and nature of the damages, estimate of probable costs of replacement and repairs." *See* Plaintiff's Rule 26 Disclosures [Doc. No. 116-1]. In addition, Plaintiff identified the following document in its Rule 26 Disclosure as a document Plaintiff may use in support of its claims: "GWSSI report by Kelly Parker, P.E." *See id*.

On September 2, 2014, Plaintiff filed its Amended Final Witness & Exhibit List [Doc. No. 20].[1] Plaintiff identified Kelly Parker as an expert witness. Plaintiff also listed as an exhibit the "GWSSI report by Kelly Parker, P.E." *See id.* By letter dated September 10, 2014, Plaintiff's

---

[1]Although Plaintiff designated the list as an "amended" list, it is the only witness and exhibit list filed by Plaintiff in this action.

counsel advised Defendant's counsel that Plaintiff had "deleted Kelly Parker" as a witness. *See* correspondence [Doc. No. 119-2].

In support of the pending motion, Defendant states that during the course of discovery, it "requested a copy of Mr. Parker's report" but "Plaintiff failed to produce a copy of the same." *See* Defendant's Motion at p. 2, ¶¶ 4-5. Defendant further alleges that it again requested a copy of Mr. Parker's report in correspondence to Plaintiff's counsel on January 14, 2015. *See* correspondence [Doc. No. 116-3].

In response, Plaintiff's counsel advised: "Kelly Parker never generated any report or writing regarding his brief visit to the site." *See* correspondence dated January 16, 2015 [Doc. No. 116-4]. In Plaintiff's response to Defendant's motion, Plaintiff again represents that "there is no report from Kelly Parker." *See* Response [Doc. No. 119] at p. 1 and p. 2, ¶ 3. Plaintiff further states: "Parker's service for Plaintiff *was terminated in early August 2014*, and *prior to* any issuance of any type of report." *Id*. at p. 2, ¶ 9 (emphasis added).[2]

Because the Court cannot, on the present record, determine whether the parties have complied with LCvR 37.1, the motion is denied. Further, even if the Court were inclined to consider and grant the motion, the Court would not grant the relief sought. Defendant seeks an order from the Court directing Plaintiff to produce a copy of the GWSSI report of Mr. Parker. The Court cannot compel production of a report that does not exist.

---

[2]The credibility of Plaintiff's statement is suspect. Plaintiff identified the GWSSI report in its May 2014 disclosures. Moreover, Plaintiff represents that it knew in *early* August 2014 that no report from Parker existed. It is perplexing then why Plaintiff identified Mr. Parker as a trial witness and included a report authored by Mr. Parker as a trial exhibit in its Final Witness and Exhibit list filed one month later in September 2014. Compounding the perplexity of Plaintiff's conduct is the fact that Plaintiff never corrected the Rule 26 disclosure to advise Defendant no such report existed.

IT IS THEREFORE ORDERED that Defendant's Motion for Order Compelling Discovery and Brief in Support [Doc. No. 116] is DENIED.

IT IS SO ORDERED this 24th day of February, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE